UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PEOPLE OF THE STATE OF NEVADA,<br><br>　　　　　　　Named Petitioner,<br><br>　　v.<br><br>RUDY FORD a/k/a RUDY ALLEN,<br><br>　　　　　　　Named Respondent. | Case No. 2:12-cv-01854-MMD-CWH<br><br>ORDER |

This habeas matter filed by a detainee or inmate then being held in a local jail in Boulder, Colorado comes before the Court for initial review.

The papers presented are subject to multiple substantial defects.

First, petitioner Rudy Ford[1] did not either pay the $5.00 filing fee or submit an application to proceed *in forma pauperis*. He must do one or the other to properly commence an action in federal court.

Second, petitioner failed to use the required habeas petition form as required by Local Rule LSR 3-1. Petitioner instead used a state court form for an application for a writ of habeas corpus *ad prosequendum*. Over and above the fact that the petition is not filed on this Court's required form, such a writ has nothing to do with a habeas petition challenging a petitioner's custody. A writ of habeas corpus *ad prosequendum* instead directs that a defendant be transported in order to be prosecuted, not released.

---

[1] While Ford designates himself as defendant, he is a petitioner in seeking habeas relief.

Third, petitioner failed to name an appropriate respondent. Petitioner cannot sue the State of Nevada, or the State designated as the People of the State of Nevada, in federal court, even on a petition for habeas relief. The state sovereign immunity recognized by the Eleventh Amendment bars all actions against a State in federal court, regardless of the relief sought. *See, e.g., Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101 (1984).

Due to these multiple substantial defects, the petition in this improperly-commenced action will be dismissed without prejudice. It does not appear that a dismissal without prejudice would materially affect the analysis of either the timeliness of a promptly-filed new petition or other issues therein. The online docket of the state district court reflects that the Nevada state judgment of conviction referenced in the current petition was entered on April 23, 2004. No appeal, state post-conviction proceeding, or proceeding for other collateral review was initiated within one year of the expiration of the time for filing a direct appeal. A dismissal without prejudice thus will not materially affect the analysis of timeliness or other issues regarding a challenge either to the original judgment of conviction and/or to any more recent proceedings in connection with efforts to extradite Ford to Nevada.

IT THEREFORE IS ORDERED that the petition shall be DISMISSED without prejudice.

IT FURTHER IS ORDERED that a certificate of appealability is DENIED, as jurists of reason would not find the dismissal of this improperly-commenced action to be either debatable or incorrect, given the absence of any substantial prejudice to petitioner from the dismissal without prejudice.

The Clerk of Court shall enter final judgment accordingly, dismissing this action without prejudice.

DATED THIS 15th day of November 2012.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE